Case number 25-7011, Evangelistic Godson Appellant v. Johns Hopkins Medicine, Patrick Walsh, Dr. Isgei, Coordinating Security for Appellants, and the Chief of the Advocates. Thank you. Good to be back. Christina Gay this time for Appellant Evangelistic Godson, Court Appointee, I guess. This case turns on a single question. When a pro se litigant files a late notice of appeal and tells the district court in that filing that he didn't receive the ruling until after the deadline to appeal had passed, has he done enough to ask for more time to appeal? This case is a good bit tougher for you. So let me ask you, this notice doesn't ask for anything. And in contrast to the notice we were just discussing, I mean, I would think you look at Rule 7 says a motion has to ask for something. This doesn't ask for anything. It's just a rambling discursive thing. So I certainly agree this case is a lot harder for me than the last one. I do think the circuits beyond this one have drawn a pretty clear workable line, and this one falls right past it on the right side of that line. So the line I understand them to have all drawn is there's a distinction between their notices of appeal that simply say notice is hereby given that I'm appealing and notices that give an indication of the grounds for which more time to appeal could be granted, which is not receiving notice from the court or clerk or receiving it late. And I think the rationale behind it is there's no reason to include that information ordinarily unless you're seeking more time. It's an objective test because a subjective test would be a little more unworkable. Here, Mr. Godson's notice stated that he was only made aware of his dismissal of December 4th, 2024, while in Washington, D.C. the day before he filed his notice of appeal. And he says he never received the action from the I think those are the key triggers that should send off, you know, alarm bells that this could be a motion for more time under Rule 4A5 or 4A6. Why not just apply a very simple rule that what in order to be a motion, the document has to satisfy Rule 7? So I agree a document has to satisfy Rule 7, but I think this court's precedent says you must specifically state the grounds for relief, which maybe this satisfies, but also the relief sought. I agree. I think this court has interpreted that functionally rather than formally. So I'd point this court to, for example, the Richardson v. United States case where this court construed an opposition to a motion to dismiss a complaint as a motion for leave to amend, even though that request was never explicitly stated and the litigant didn't expressly request that relief. There's other pro se precedents from this court reconstruing, you know, one kind of motion as another one, and when that relief was never explicitly asked for. For example, the Tools Abroad case, recharacterizing a motion for extension as a Rule 60 motion for relief from judgment. I just think this court has kind of already crossed that bridge of requiring the explicit exact request written out. Here, I think the request is functional in that he's explaining that he didn't get a notice on time and then is seeking to appeal despite it. It's the fact that it is a notice of appeal that brings this across the line and distinguishes this case from cases like FUVR, where the document was a request, I think, for a copy of an order. You couldn't infer a request to appeal despite the lateness in that kind of filing, but because this is a notice of appeal, you can. This has, in some respects, this notice putative motion has the opposite vice of the last one. The last one was awfully thin. This one is awfully discursive. So we're just talking about a gestalt sense and fairness to district courts. We're going to make a district read through something that talks about election results and the racial composition of the White House staff and 40 acres and mule. You'd want us to go down that road. So to bring us back to Judge Walker's question in the last case, I do think district courts do already need to be reading the filings on their docket. And I do think given pro se liberal construction principles, they're having to read documents that are often hard to decipher to figure out, you know, what is the substance of this filing saying? And so I really think the question is just whether a notice of appeal should be treated differently than those other filings. I think Parrish already says that they can be and should be. And so it's really just applying the same pro se principles to this document as others. That said, completely understandable if a district court didn't recognize this as a motion or, of course, the other side. I think that could be taken care of on the back end by this court. I think what would be helpful for district courts who have come out in different ways on similar looking notices, including in this circuit, would just be a workable, clear line. I think the line I'm proposing, you know, this one falls on the right side of it, but no further. And this court could make that clear in its opinion, which is there's a difference between a bare notice of appeal and one that says something about not receiving the judgment or receiving it late because those are triggers for Rule 4A5 and 4A6. If the bright line includes a requirement that the litigant know his appeal is late, would you be able to win this case? I think that would be a really hard case, and I'm not sure if I would. I don't think that's the test, though. I think if you look to this court's decision in United States v. Gooch and then the Smith v. Ferry decision from the construing a document in favor of an objective test about what is the notice given from this document. I wasn't suggesting a subjective test, but objectively, if someone looking at this would understand it to indicate that there is no recognition here that the appeal is late. So I would push back on the notion that there's no recognition only because the fact that he is complaining about when he got the notice suggests he realizes it was delayed, and at least the notice came to him late. That is one interpretation. Correct. But he's complaining about a lot. I agree, and I would emphasize strongly in this case the pro se context, and even when there's multiple interpretations of a document, I think the pro se precedents say you take the one in favor of the pro se litigant, even when it's ambiguous. If this was counseled, I don't think it would be treated as a motion, and I don't think Mr. Godson wins, and I think you could certainly make that clear in an opinion in our favor. If we adopt the language of the Sixth Circuit in Winters and say something like, you know, the notice needs to at least indicate that the appeal is late, explain what happened, and explain why the appellant could not have filed it earlier, and then apply that test in root of metkin to rule for root of metkin, and apply that test in Godson to rule against Godson, there would be no circuit split, right? So I'm not sure that's correct, Your Honor. I mean, we included some examples of a similar notice of appeals in the addendum to the reply brief. For example, this sparks on page four of our addendum from the Fourth Circuit. The Fourth Circuit has really held to this line between bare notices of appeal and ones that say something about when you got notice. I think they would treat this as a motion for more time. I also think the Sixth Circuit test is that distinction I'm talking about between bare and bare plus something about notice. I think to write an opinion against me would probably need to go further in what is required to count as a motion, and so I do think it would be creating a circuit split. I tried to sort of bake into the hypothetical that we would adopt the Sixth Circuit rule, and you might think we're misapplying it to the facts of this case, but that doesn't seem like the grounds of a circuit split. I think I read the Sixth Circuit's rule differently than you then. I understand it to be a distinction, as Judge Sutton lays out, between he walks through Sixth Circuit precedent comparing a bare notice of appeal and one in a prior case that had a statement, one sentence about, you know, not receiving the notice or receiving it on a date late. There was no obvious awareness by the litigant that their appeal was late or something of the sort. I mean, he says bare bones, not good enough, and he gives a case. He says more. He gives a case, says that is good enough, and he says, this case is pretty close to the more that was good enough, and he says the notice of appeal that adds other information to say that the appeal is late, that explains what happened, that explains why the appellant could not have filed it earlier, may in some circumstances be enough. So I'm saying we would adopt that test. We might even quote that language and say this is our holding, and then you just might not like how we apply it to the facts of this case. It doesn't make a circuit split. I think it would be, I think this appeal does explain what happened or explain why the appeal wasn't filed earlier, which would fit into that language you're quoting from the Sixth Circuit. I also think if you look at how the Fourth Circuit is applying, it's similarly worded, if not identical test. It's treating notices of appeal like this as motion, so I do think it would create a circuit split, but I understand, you know, there's a line, this is close to it. Perhaps there's a way to distinguish, but I think it definitely would create a circuit split for sure. What do you do with the document? He filed two documents. One is the notice of appeal, which you want us to squint and treat as a motion, but he also filed something that is called a motion, and the motion expressly says that Mr. Godson wants to walk away from the appeal. He doesn't want to prolong this matter. The way I read that filing, Your Honor, is requesting his filing fees back from the District Court and wanting to get to the Court of Appeals quicker is the way I understand it, but I'm sure there's different ways to read it. I think another key part of the order you're talking about is it says he never received the order. I think in context, he's, again, complaining about the District Court, but you under the contemporaneous filing rule could read those together to the extent you think there's any ambiguity in the notice of appeal about the grounds for more time. You could look at that as well, but I don't read that as him abandoning the appeal, and he's continued to make multiple filings in this appeal to try to pursue his rights. Good. Thank you. I'm the shortest person today. Ms. Schumer. Thank you, Your Honors. I think this case demonstrates how difficult the job would be for a District Court clerk's office confronted with a notice of appeal like this to have to decipher what it is that a pro se litigant is asking for. As Judge Katz has correctly pointed out, this notice of appeal is a two-page rambling and discursive document. What I read from it was that the relief he was seeking was not more time, there's no mention of time, but it was that he wanted the District Court to reverse its entry of the dismissal against him and that he should have summary judgment entered in favor of him. I want to point out that this is not a pro se litigant who does not know how to file something called a motion. He filed multiple motions even before this Court. So can I just ask, the Sixth Circuit and several other circuits have a pretty clear rule that something that looks like the following counts as a motion. I'm appealing an order enter date one, I received it on date two, and they all, every court to consider that question has held that's a motion. Do you disagree with that rule? I disagree with the way that's interpreted. So if you look at the whole body of law out there where bare notices of appeal in the way you've just framed it have been found to be 4A5 or 4A6 motions, those all concern pro se prisoners who are challenging certain rulings and pro se prisoners. This is a pro se litigant also, right? It is, but there's a distinction between this pro se plaintiff and the pro se prisoners who are institutionalized and oftentimes they're the people who they, their opponents are the people in charge of their mail. And the Seventh Circuit and Sandler pointed out the reason why we treat pro se plaintiffs who are prisoners differently. It's because of this concern that their mail may purposely be delayed because the people who are in charge of their mail are also their party opponents. We have a lot of precedent that's very generous to pro se litigants in all sorts of contexts. I think this court's decision in Ladaris was correct. It concerned a similar notice of appeal that that one was bare. This one was discursive. That one, the plaintiff did not ask for relief in the way of additional time. That's this case. Mr. Godson did not ask for time. It included no fact suggesting that it might be timely. Correct. So I appreciate the argument about prisoners versus non-prisoners. If we move past that, I guess I'm trying to get at, I guess I'll get to the point. The Sixth Circuit says all you have to say is I received this on date two. And then we're going to construe it as a motion. All you have to do is read to the third sentence of this. And it says I'm appealing an order dated December 4th. I got it after December 29th. Seems like applying that rule. It then says a lot of other things. But we're going to be telling, if we tell district courts to look at these filings, the simple application here might be to say if you know the relevant facts that make this a motion by getting to sentence three, it might be sentence four, then go ahead and treat it as a motion. That's what it means to liberally construe things for pro se parties. What's wrong about that approach? I think the way we've all interpreted this notice of appeal differently highlights how challenging it will be in effect, in practical effect for a district court clerk to be able to read that and understand he's not just making a complaint about the district clerk and district court lack of justice to him. And that's a request for additional time to file his appeal. I think that's a really high burden to place on a district court clerk to read at that. That's sort of why I'm asking about this Sixth Circuit rule as the starting point. It might seem counterintuitive to us, but that document also doesn't ask for anything. It doesn't give any extra explanation. It doesn't talk about prejudice. It includes one fact. I received this after it was entered. And if that's going to be the rule in some cases, then the easiest rule might be to the clerk's office or district judges. When you read this, if it includes that fact, just treat it as a motion. We don't kicking out pro se parties on technicalities. So just treat it as a motion and we'll proceed from there. I would also disagree with the characterization that the Sixth Circuit notices of appeal that were found to be motions that they didn't recognize a timeliness problem, that they didn't give excuses. I think they did make some representation that they recognized their documents were untimely. And also the Sixth Circuit does not uniformly recognize notices of appeal. So just so I can get your precise argument on that, I'm just going to read the Sixth Circuit notice of appeal. It doesn't take very long. Notices given that I am appealing from the final judgment dismissing my habeas corpus petition in this action on the 10th day of March 2021. I received this judgment on or about the 18th of May 2020. Two months difference, that sort of is a lot. It's including two dates. Correct. So then the difference here would be that it's a shorter amount of time. It's a shorter amount of time and that is a pro se prisoner. I really do think that makes a difference in the body of the case law when you read back that all the cases pro se prisoners who are challenging their confinement or the conditions of their confinement, they are treated differently. And I also want to note that not all pro se plaintiffs are the same and pro se litigants are also required to follow the fundamental rules of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. And just to highlight the fact that this plaintiff, this is not his first rodeo. Under his previous names, which you can find in the Drayfield Shipment, Mr. Godson has more Federal Appellate Court experience than I do. He has filed eight appeals, five of which are in this court alone under another name, three in the Third Circuit. The Federal Rules of Procedure may be convoluted for some of us, but there are basic fundamental rules that even the Supreme Court holds that pro se litigants should abide. And the rule to file your 30-day notice of appeal, that's enshrined in 2107C. That's a congressional-made rule. Congress saw fit to give exceptions, and they enacted 2107C. There's no reason that this court should go out of its way to liberally construe relief that this plaintiff did not seek. And for that reason, it's hard to ask the court. Oh. I do have a question. I think it's a pretty friendly question. I don't think you can ask for something. I think it's very unlikely that we would read a filing to ask for something that the litigant doesn't even know he needs. And so I think that could be consistent with the Sixth Circuit opinion and with the notice that Judge Garcia read, because I think maybe reasonable people can disagree about this, but it's at least fair enough to read that filing to be a recognition, okay, I'm telling you about these dates because I recognize they matter. I'm late. Correct, Your Honor. And we're not going to some magic words, you know, motion or even I request. We might assume that you are making a request even if you don't expressly make a request, but it seems very odd to think someone is making a request when they don't even realize there's reason for making the request. So what is your best argument for why, if that's the test, you win here where the litigant, the pro se litigant in Winters won there? I don't think Mr. Godson realized his appeal was late at all. His notice of appeal, that two-page document, that was to criticize the injustice he received in district court. So it's totally different from the Winters case and other cases where those pro se plaintiffs recognize. What is it in the Winters case that you think could make kind of a fair person looking at its objective meeting conclude? Two dates. What did you say? Included two dates. Yeah, but then Judge Garcia says there's dates here. The dates here relate to the lack of professionalism as the plaintiff perceives it by maybe in the Sixer case. There's the most obvious inference is that the reason there are dates is the recognition that there's a time. Correct. There's a time problem here. The most likely inference for why there are dates is he's mad about things that don't have to do with the federal rules of appellate procedure. I agree, your honor. And I would also note just one last thing, which is that the prisoners do not have access to PACER consistently the way this plaintiff does, right? A lot of the prisoners are moved around. They don't always have access. I think that goes more to what the district court should do if we do send it back to the district. Sure. Is there no further questions? Thank you. Thank you. Ms. Gay, rebuttal. Thank you. Just three quick points. First, Judge Garcia, on your discussion of the examples, including from the Sixth Circuit, I do think you would be creating a circuit split given how somewhat bare bones those notices are as well. They give a date and that's it. Judge Walker, I don't see any explicit recognition of a timing problem in those notices either from the Sixth or the Fourth. I heard you say that it might be the most likely inference in those that they had a timing problem and maybe less likely here. But given the pro se context, I think as long as it is a fair inference, that's enough. Here, Mr. Godson mentioned the dates the same way those notices did, and so I think it is a fair inference that he was mentioning them for a reason to complain about the timing and that his notice should be treated the same as the others. The ultimate rule, I think I heard my friend on the other side say to distinguish the Sixth Circuit was the amount of time. I just don't think that's workable for district courts at all. I think the amount of time given between the notice and when the notice is filed, I think the most workable line is the one I'm proposing, which I understand the other circuits to have adopted, which is if you include in your notice that key language about I received notice late or I never received it at all, that's the trigger and that's workable for district courts to look for and it's workable for this court to apply and it'll lead to consistent results in this really important context of pro se litigants, prisoners or not. I don't understand the case law to draw any distinction between the two litigants being able to pursue their fundamental right to appeal. Thank you. Racking up arguments this morning. Once again, we thank you for your assistance. The case is submitted.
judges: Katsas; Walker; Garcia